UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GIDDIENS,<br>on behalf of himself and all others<br>similarly situated | ) ) ) ) | |
| Plaintiff, | ) | C.A. No.  13- |
| vs. | ) ) | CLASS ACTION |
| INFINITY STAFFING SOLUTIONS and<br>LYNEER STAFFING SOLUTIONS, | ) ) ) | |
| Defendants | ) ) | Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1.      This is a consumer class action based upon Defendants' violations of the Fair

Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff brings this action on behalf

of consumers who applied for jobs with the Defendants. Defendants systematically violate at

least two sections of the FCRA: section 1681b(b)(2), by improperly embedding a release and

waiver of rights, as well as other extraneous provisions, in the consent and disclosure document

they require employment applicants to sign prior to ordering a background check; and, section

1681b(b)(3), by using employment background checks to make adverse employment decisions

without providing the consumer job applicants who are the subject of the background checks a

copy of the report obtained, along with a summary of his or her FCRA rights, and a sufficient

amount of time to contest and/or correct any errors in the reports before the adverse action is

taken.

## II.     JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.      Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c).

## III.     PARTIES

4.      Plaintiff Joseph Giddiens is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 5600 Ogontz Avenue, Philadelphia, Pennsylvania 19141.

5.      Defendant Infinity Staffing Solutions (Infinity) is a business entity that markets itself as "a leading provider of staffing, productivity consulting, and workforce management solutions."  *See* www.infinity-staff.com; geninfinitybroch.pdf.   Infinity is headquartered in Lawrenceville, New Jersey, with over 50 offices nationally.   Defendant regularly conducts business in the Commonwealth of Pennsylvania, and operates a place of business at 8 Neshaminy Interplex, Suite 100, Trevose, Pennsylvania 19053.

6.      Defendant Lyneer Staffing Solutions (Lyneer) is a business entity that also operates as an employment staffing agency.  It is headquartered at 134 Franklin Corner Road, Suite 100, Lawrenceville, NJ, 08648, yet has offices throughout Pennsylvania and New Jersey, including one at 2 Penn Center, 1500 John F. Kennedy Blvd., Suite 404, Philadelphia, PA 19102. Upon information and belief, Lyneer purchased, acquired, merged with and/or otherwise assumed the assets and liabilities of Infinity.  Further, and also upon information and belief, Lyneer refers to itself as "formerly Infinity Staffing", operates out of some or all of the same offices as Infinity, and Infinity's corporate officers and managers identify themselves as Lyneer

2

employees.  Both Defendants act in concert for the purpose of providing employee staffing services.

## IV.  FACTUAL ALLEGATIONS

7.      In April 2008, Mr. Giddiens was arrested and charged with possession of a controlled substance.  He pled *nolo contendere* and received probation without verdict, which he successfully completed.

8.      By Order of the Court of Common Pleas, Philadelphia County, dated April 12, 2010, the charges and the arrest record were ordered expunged (the "Expungement Order"). Certified copies of the Expungement Order were served on the Philadelphia Police Department; the Pennsylvania State Police ("PSP"); the Administrative Office of Pennsylvania Courts ("AOPC") Expungement Unit; and, the First Judicial District of Pennsylvania, Data Processing Unit.

9.      The Expungement Order required the arresting agency to destroy or deliver to Mr. Giddiens or his representative all criminal records, fingerprints, photographic plates and photographs pertaining to the charges which resulted from the arrest, and also ordered the PSP to request the Federal Bureau of Investigation to return to them all records pertaining to the arrest, which were ordered to be destroyed upon receipt.

10.     The April 2008 arrest of Mr. Giddiens was removed from the AOPC database within days of the expungement order.

11.     On May 5, 2010, the PSP certified that all criminal record history pertaining to the April 2008 arrest of Mr. Giddiens was expunged from their files.

12.     Since the implementation of the expungement, Mr. Giddiens has had a clear criminal record.

3

13.     On or about December 9, 2011, Mr. Giddiens applied through Infinity for a position with the United Parcel Service (UPS).In connection with his application, Mr. Giddiens agreed to Infinity's requirement that he authorize Infinity and a consumer reporting agency of its choice to perform a background check on Mr. Giddiens, and he signed a document titled "Authorization for Release of Information."   A redacted copy of the Authorization is attached hereto as Exhibit A.

14.     The Authorization stated in pertinent part as follows: "I, John Giddiens, authorize Infinity Staffing Solutions, LLC and the consumer reporting Agency [sic] of its choice, to retrieve information from all personnel, educational institutions, government agencies, Companies, corporations, credit reporting agencies, law enforcement agencies at the federal, state (including Minnesota Bureau of Apprehension), or county level, worker's compensation agencies or individuals, relating to my past activities, to supply any and all information concerning my background, and *release the same from any liability resulting in providing such information*."   (Emphasis added).   *See* Exhibit A.   In addition, the Authorization contained various other language, clauses and provisions that were wholly unrelated to whether Mr. Giddiens consented to Defendant's obtaining a background check on him.

15.     The Authorization that Infinity provided to Mr. Giddiens violated section 1681b(b)(2) of the FCRA because it did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes."   15 U.S.C. § 1681b(b)(2)(A)(i); *Reardon v. Closetmaid Corporation*, No. 08–cv–01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013); *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965 (D. Md. Jan. 25, 2012).

16.     Instead, Infinity unlawfully attempted to obtain in advance a waiver and release of Mr. Giddiens' and other consumers' rights under the FCRA and improperly provide prophylactic immunity to Defendant and "the consumer reporting Agency [sic] of its choice"

4

from any improper actions or omissions committed in providing the background report to the employer.  *See* Exhibit A.

17.     The Authorization is a form document that Defendants have required consumer job applicants to sign in connection with hundreds, if not thousands, of job applications over the years.

18.     Infinity immediately accepted Mr. Giddiens' application for employment.

19.     Infinity then ordered and purchased a consumer report on Mr. Giddiens.

20.     After receiving the consumer report which contained an adverse public record, Infinity called Mr. Giddiens and informed him that he would not be hired for the UPS job due to the results of the report.

21.     The consumer report was prepared by LexisNexis Screening Solutions, Inc. (LexisNexis) and sold to Infinity for employment purposes.

22.     The consumer report improperly and inaccurately reported the April 2008 arrest that had been expunged in April 2010, some twenty months earlier.

23.     Section 1681b(b)(3) of the FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. 1681b(b)(3)(A)(i), (ii).

24.     In connection with Mr. Giddiens' application for employment, Infinity was "a person intending to take" adverse action within the meaning of the statute.

25.     Infinity did not provide to Mr. Giddiens a copy of the consumer report or a written statement of his rights under the FCRA.  As a matter of policy and practice, Defendants do not provide any notice to job applicants, or copies of any consumer reports they obtain

which contain adverse public record information, prior to taking adverse employment actions against existing employees or prospective job applicants.

26.     Defendants' practices and procedures described herein affected not only the Plaintiff but also other applicants for employment against whom adverse action was taken.

27.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.   Defendants knowingly carry out business practices of (a) not providing a clear and conspicuous written disclosure, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and, (b) failing to provide employment applicants with a copy of background reports and written summaries of FCRA rights.   There is no reading or interpretation of sections 1681b(b)(2) and 1681b(b)(3)(A) of the FCRA, or any provision for that matter, which would justify, sanction, excuse or condone such practices.

## V.    CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action individually and as a class action for Defendant's violations of sections 1681b(b)(2) and 1681b(b)(3)(A) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a)     All natural persons residing within the United States and its Territories regarding whom, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language

substantially similar in form to the Authorization for Release of Information form provided to Plaintiff Giddiens, described above and attached hereto as Exhibit A.

(b)     All natural persons residing in the United States who (i) within two (2) years prior to the filing of the Complaint; (ii) applied for employment with Defendants; (iii) were the subject of a consumer report used by Defendants for employment purposes; (iv) were the subject of an adverse employment action by Defendants; and, (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

30.     The Classes are each so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the hundreds if not thousands.  Defendants are businesses with more than 50 offices nationwide that staffs other businesses, and utilize common practices and procedures for screening job applicants.

31.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendants willfully violated section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, and whether Defendants, by employing a policy and practice of failing to provide job applicants with pre-adverse action notices, willfully and negligently violated section 1681b(b)(3).

32.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

33.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in

handling consumer class actions.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

34.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

35.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 under the FCRA.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.    CAUSES OF ACTION

### COUNT ONE – FCRA § 1681b(b)(2)

36.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.    Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

38.    The background or consumer reports that Defendants procure or cause to be procured regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

39.     The FCRA provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i).

40.     Defendants Infinity and Lyneer are each a "person" that regularly procures or causes consumer reports to be procured for employment purposes.

41.     As such, the FCRA requires Defendants to clearly and conspicuously disclose to the consumer in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.  15 U.S.C. § 1681b(b)(2)(A)(i).

42.     Defendants willfully violated section 1681b(b)(2) of the FCRA by failing to provide to the consumer a disclosure that consists solely of the required disclosure because they instead included in the form Authorization a requirement that the consumer release Infinity and the consumer reporting agency of its choice from any liability resulting from providing background information concerning the consumer.

43.     Pursuant to section 1681n of the FCRA, Defendants are liable for willfully violating FCRA section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

## COUNT TWO – FCRA § 1681b(b)(3)

44.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.   Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

46.   The background or consumer reports that Defendants purchase regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

47.   The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

48.   For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

49.   Defendants are each a "person" that regularly uses consumer reports for employment purposes.

50.   The FCRA requires each Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

51.   Defendants willfully violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

**VII.   JURY TRIAL DEMAND**

52.   Plaintiff demands trial by jury on all issues so triable.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief against the Defendants as follows:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)     That judgment be entered against each Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against each Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d)     That the Court award costs and reasonable attorney's fees; and

(e)     That the Court grant such other and further relief as may be just and proper.

Dated: December 6, 2013                               Respectfully submitted,

                                                                      **FRANCIS & MAILMAN, P.C.**

                                                      By:      *s/ James A. Francis*
                                                                      James A. Francis
                                                                      John Soumilas
                                                                      David A. Searles
                                                                      Land Title Building, 19th Floor
                                                                      100 South Broad Street
                                                                      Philadelphia, PA 19110
                                                                      (215) 735-8600

                                                                      Attorneys for Plaintiff and the Class