## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GIDDIENS, on behalf of himself and all others similarly situated | : Civil Action No. 13-7115 |
| | : |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| INFINITY STAFFING SOLUTIONS and LYNEER STAFFING SOLUTIONS | : |
| | : |
| | : |

## ORDER

AND NOW, this            day of                  , 2014, upon consideration of the Motion to

Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on behalf of

Defendant Infinity Staffing Solutions, LLC, d/b/a Lyneer Staffing Solutions, and Plaintiff's

Response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED.  All claims in

Count I of the Complaint relating to willful violations of 15 U.S.C. §1681b(b)(2) are hereby

DISMISSED.


BY THE COURT:


_____

Honorable Legrome D. Davis

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GIDDIENS, on behalf of himself and all others similarly situated | : Civil Action No. 13-7115 |
| | : |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| INFINITY STAFFING SOLUTIONS and LYNEER STAFFING SOLUTIONS | : |
| | : |
| | : |

### DEFENDANT INFINITY STAFFING SOLUTIONS, LLC, D/B/A LYNEER STAFFING SOLUTIONS' MOTION TO DISMISS COUNT I OF THE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Infinity Staffing

Solutions, LLC, d/b/a Lyneer Staffing Solutions, by and through counsel, hereby move this

Court for entry of an Order dismissing the allegations of willful violations of 15 U.S.C.

§1681b(b)(2) in Count I of the Complaint.  In support thereof, Defendant hereby submits and

incorporates the accompanying Memorandum of Law, as if set forth in full.

                        MARSHALL DENNEHEY WARNER
                        COLEMAN & GOGGIN


            BY:     s/Maureen P. Fitzgerald
                    MAUREEN P. FITZGERALD, ESQUIRE
                    ID#  PA67608
                    620 Freedom Business Center, Suite 300
                    King of Prussia, PA 19406
                    (610) 354-8270 Fax (610) 354-8299
                    Email:  mpfitzgerald@mdwcg.com
                    Attorney for Defendants

DATE:  March 17, 2014
26/2530893.v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN GIDDIENS, on behalf of himself and all others similarly situated | : Civil Action No. 13-7115<br>:<br>: |
| v. | : **Jury Trial Demanded**<br>: |
| INFINITY STAFFING SOLUTIONS and LYNEER STAFFING SOLUTIONS | :<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INFINITY STAFFING SOLUTIONS, LLC, D/B/A LYNEER STAFFING SOLUTIONS' MOTION TO DISMISS COUNT I OF THE COMPLAINT**

**I.      INTRODUCTION**

Plaintiff contends that Defendant Infinity Staffing Solutions, d/b/a Lyneer Staffing Solutions, ('Infinity") violated the Fair Credit Reporting Act ("FCRA") by virtue of the form he signed when applying for employment.  This form disclosed the fact that Infinity would be obtaining a consumer report from a consumer reporting agency for employment purposes, and authorized the procurement of this report.   The form is clear, conspicuous and set forth in four simple paragraphs on a single page.  Plaintiff challenges language within the authorization – which is set apart from the disclosure – that purports to release certain third parties providing information for the consumer report, from liability to Plaintiff.  Plaintiff does not believe this release clause is valid or binding, as he has already sued one such third party in this Court. Rather, he contends that its inclusion on the form technically violates §1681b(b)(2)(A).  Plaintiff lacks actual damages from this inclusion of this clause, and predicates his claim in Count I solely

1

upon allegations that Infinity has willfully violated the FCRA, such that he can recoup statutory damages and penalties.

Infinity submits that this Court can determine, at this juncture, that it did not willfully fail to comply with the FCRA.  This determination is an objective one, as willful non-compliance requires a showing that Infinity "knowingly and intentionally committed an act in conscious disregard" or in "reckless disregard" of the rights of others.  Willful non-compliance does not exist where applicable authority is either non-existent, inconsistent or unclear.  This case presents such a scenario as the language of §1681b(b)(2)(A) is unclear and lacking in definition, there is no appellate authority on this issue, and the four district courts that have addressed this issue have proffered conflicting interpretations.  In fact, the only district court opinion existing in 2011 when Plaintiff signed the form, supports Infinity's interpretation of §1681b(b)(2)(A).

Under Third Circuit precedent, there can be no finding of a willful violation where such conflicting guidance exists.  Infinity's interpretation of the FCRA – even if ultimately determined to be incorrect – was not objectively unreasonable and did not willfully violate the FCRA.  Plaintiff's claims in Count I of the Complaint should be dismissed.

## II.      STATEMENT OF FACTS

Plaintiff was charged with possession of a controlled substance in 2008, for which he pled *nolo contendre* and received probation.  Comp., ¶7.  Charges and arrest records were thereafter ordered to be expunged by the Philadelphia Court of Common Pleas in April of 2010.  Id., ¶8.  Pursuant to that order, records relating to Plaintiff's arrest were removed from various databases, and Plaintiff has since had a clean record. Id., ¶¶9-12.  On December 9, 2011, Plaintiff applied for an employment position through Infinity with United Parcel Service, and in

doing so, executed an "Authorization for Release of Information." Id., ¶13.  This form provides

in pertinent part, as follows:

> I, John Giddiens, authorize Infinity Staffing Solutions, LLC, and the
> consumer reporting Agency of its choice, to retrieve information from all
> personnel, educational institutions, government agencies, Companies,
> corporations, credit reporting agencies, law enforcement agencies at the
> federal, state (including Minnesota Bureau of Apprehension), or county
> level, worker's compensation agencies or individuals, relating to my past
> activities, to supply any and all information concerning my background, and
> release the same from any liability resulting in providing such information.
> The information received may include, but is not limited to, academic,
> residential, achievement, job performance, attendance, litigation, personal
> history, credit reports, driving history, worker's compensation records
> (including medical information) and criminal records.
>
> I understand that a consumer report may be prepared summarizing this
> information.  If my prior employers and/or references are contacted, the
> report may include information obtained through personal interviews
> regarding my character, general reputation, personal characteristic and/or
> mode of living.  I may request a copy of any report that is prepared
> regarding me and may also request the nature and substance of all
> information about me contained in the files of the consumer reporting
> agency.  I  understand that proper identification will be required and that I
> should direct my request to the appointed agency…

(Complaint, Ex. A).

This disclosure/authorization form enabled Infinity to order a consumer report regarding

Plaintiff's background from a consumer reporting agency, namely LexisNexis Screening

Solutions, Inc.  Id., ¶¶14, 19, 21.  The consumer report procured by LexisNexis and provided to

Infinity, contained an adverse public record, as it reflected the April 2008 arrest for possession of

a controlled substance.  Id., ¶¶20, 22.  Upon receipt of this information, Infinity thereafter called

Plaintiff and advised him that he would not be eligible to be hired for a position with United

Parcel Service due to the results of the report.  Id., ¶20.  Allegedly, Infinity did not provide

Plaintiff with a copy of the consumer report procured by LexisNexis, nor or a statement of his

rights under the FCRA.  Plaintiff alleges that this failure to provide him with a copy of the

consumer report and a summary of his rights, as well as the Authorization for Release of

Information form he signed, violated the FCRA.

**III.      ARGUMENT**

       **A.      Standard under Rule 12(b)(6)**

In reviewing a motion to dismiss for failure to state a claim, a court is required to accept

all well pleaded factual allegations as true and draw all reasonable inferences from such

allegations in favor of the Plaintiff. *Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d*

*Cir. 2003); Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006).* To survive a

Motion to Dismiss, a plaintiff must "allege facts sufficient to raise a right to relief above the

speculative level." *Broadcom Corp. v. Qualcomm, In., 501 F.3d 297, 317 (3d Cir. 2007).* The

Complaint must include "enough facts to state a claim to relief that is plausible on its face" and

includes "either direct or inferential allegations respecting all the material elements necessary to

sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly, 127 S.Ct.*

*1955, 1965-1969 (2007).* A court does not have to accept or give credit to the Complaint's bald

assertions, legal conclusions, unsupported conclusions, unwarranted inferences, unwarranted

deductions, and sweeping conclusions of law in the form of factual conclusions. *Price v.*

*Schwan's Home Services, Inc., 2006 WL 897721, at \*2 (W.D. Pa. April 3, 2006); Morse v.*

*Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).*

       **B.      Count I Should be Dismissed As The Authorization/Disclosure Form Does**
           **Not Give Rise to a Willful Violation of the FCRA by Infinity .**

In Count I, Plaintiff alleges that Infinity procured or caused to be procured a background

report subject to the FCRA requirements, but that Infinity violated 15 U.S.C. §1681b(b)(2)(A)(i)

with respect to the disclosure/authorization Plaintiff signed on December 9, 2011.  This

provision of the FCRA requires employers procuring a consumer report on a prospective

employee, to make "a clear and conspicuous disclosure" in writing to the applicant before the

report is procured, "in a document that consists solely of the disclosure, that a consumer report

may be obtained for employment purposes."  However, section 1681b(b)(2)(A)(ii) provides that

an employer must also obtain a written authorization for the procurement of the consumer report,

and that it is permissible for this authorization to be within the same document as the disclosure

required by §1681b(b)(2)(A)(i).

Infinity's combined disclosure/authorization is set forth on a single page in a four

paragraph document, with the text taking up less than half the page.  The authorization is in the

first paragraph and the disclosure is in the subsequent paragraph, and reflects that a consumer

report may be prepared for employment-related purposes.  Plaintiff alleges however that the

disclosure/authorization violates §1681b(b)(2)(A)(i) of the FCRA, because the authorization

includes a clause that states: "and release the same from liability resulting in providing such

information."  Comp., ¶¶ 15, 39.  Plaintiff contends that this clause – while not within the

disclosure paragraph – violates the FCRA's provision as to the content of a permitted disclosure.

The FCRA does not impose strict liability for a violation; rather a plaintiff can only

recover if a defendant's conduct was willful or negligent.  *See 15 U.S.C.§§ 1681n(a)(1),*

*1681o(a) (2006).*  In Count I, Plaintiff alleges that Infinity willfully violated §1681b(b)(2)(A)(i).

Plaintiff does not allege that Infinity negligently violated the FCRA, or that the disclosure was

unclear or inconspicuous, or that he did not know that a consumer report was being obtained for

purposes of his employment with United Parcel Service.  Plaintiff's claim is predicated entirely

upon a purported technical violation of §1681b(b)(2)(A)(i) by virtue of the fact that the language

– "and release the same from liability resulting in providing such information" – appears in the

authorization paragraph of the combined authorization/disclosure form.  Plaintiff does not claim

to be injured by the inclusion of the release clause, nor to have sustained any actual damage by

virtue of the clause.  He does not even suggest that the release is valid or that it has somehow

damaged him by precluding him from pursuing his FCRA rights against third parties.  In fact,

Plaintiff has already pursued such rights against LexisNexis, by virtue of a 2012 lawsuit he filed,

arising from the inaccurate consumer report obtained by through the authorization at issue.[1]

Lacking any actual damages, Plaintiff seeks only to impose liability upon Infinity for a purported

willful violation., which would allow for statutory and punitive damages.

As set forth below, Infinity submits that the release clause in the authorization is not a

willful violation of the FCRA and that this determination can be made at the pleadings stage.

### C.       The Absence of Willful Non-Compliance With the FCRA is a Legal Determination That Can Be Made At The Pleadings Stage

The Supreme Court has held that a finding of "willful noncompliance" with the FCRA

must be predicated upon a showing that a defendant "knowingly and intentionally committed an

act in conscious disregard for the rights of others" or in "reckless disregard" of their rights.

*Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 59-60, 127 S.Ct. 2201 (2007).*  Under

*Safeco*, "a company subject to the FCRA does not act in reckless disregard of it, unless the action

is not only a violation under a reasonable reading of the statute's terms, but also shows that the

company ran a risk of violating the law substantially greater than the risk associated with a

reading that was merely careless."  *Safeco, 551 U.S. at 69.*  Otherwise stated, an erroneous

reading of the FCRA does not amount to a reckless and therefore willful violation of the FCRA,

unless that reading is "objectively unreasonable." *Id., 551 U.S. at 68* (a "reckless" violation of the

FCRA requires conduct that violates "an objective standard" by virtue of entailing "an

---

[1] See *Giddiens v. LexisNexis Risk Solutions, Inc., No. 12-cv-2624-LDD*, pending in the U.S. District Court for the Eastern District of Pennsylvania,

unjustifiably high risk of harm that is either known or so obvious that it should be known."). Significantly, when evaluating whether willful noncompliance exists, a court need not agree with a defendant's interpretation in order to find that the defendant did not willfully violate the FCRA. *Id., 551 U.S. at 69* ("Safeco's reading of the statute albeit erroneous, was not objectively unreasonable").

The question of willful noncompliance presents a question of law appropriately resolved at the pleadings stage.  Resolution at the pleadings stage is possible because a court's analysis entails consideration whether the interpretation of the FCRA provision at issue, was **objectively** unreasonable -- discovery into subjective intent is irrelevant.  *See Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241. 251 (3d Cir. 2012); Dreher v. Experien  Info. Solutions, Inc., 2013 U.S. Dist. LEXIS 76166 (E.D. Va. May 30, 2013)* ("arguments about a defendant's subjective bad faith have no place in the willfulness analysis").

Ample authority exists whereby courts have determined willfulness under the FCRA at the pleadings stage.  In *Long v. Tommy Hilfiger, U.S.A., Inc., 2011 U.S. Dist. LEXIS 13782, 20-23 (W.D. Pa.), aff'd,671 F.2d 371 (3d Cir. 2012),* the Third Circuit affirmed the dismissal of allegations that defendant' s reading of the FCRA §1681(c)(g) was willful or not objectively reasonable.  In so holding, the court cited to the dearth of guidance from the statute or federal courts regarding the provision at issue.  *Id.,* c*iting Safeco, 551 U.S. at 69-70.*  Likewise, in *Shlahtichman v. 1-800 Contacts, Inc., 615 F.3d 794, 803-04 (7th Cir. 2010),* the Seventh Circuit affirmed the dismissal of allegations that defendant willfully violated the FCRA.  The court stated that "there has been no contrary opinion from a court of appeals or federal agency suggesting that the company's understanding of the statute is wrong."  In *Shannon v. Equifax Information Services, LLC, 764 F.Supp. 2d 714, 725-26 (E.D. Pa. 2011),* this court similarly

rejected a willful violation claim on the basis that the procedures used by the defendant were followed by other credit reporting agencies and had been upheld by other courts.  As a result, the defendant's actions "did not constitute a high risk that was known or should have been known" and there was "no indication that the company behaved recklessly, let alone intentionally or knowingly."  *See also Simonoff v. Kaplan, Inc., 2010 U.S. Dist. LEXIS 125414 * 23-26 (S.D. NY 2010)* (dismissing willful allegations at the pleadings stage where defendant's interpretation was not objectively unreasonable and was supported by some federal district courts).

     **D.**        **The Release Clause Within the Authorization Paragraph of Infinity's Form Is Not A Willful Violation of Section 1681b(b)(2)(A)(i) or (ii) of the FCRA.**

In evaluating whether an interpretation of the FCRA is "objectively unreasonable," or a willful violation, the Third Circuit has listed three factors to consider:  (1) whether the statute gives "clear guidance" as to defendant's duties;  (2) whether defendant's interpretation of the FCRA finds "foundation in the statutory text" and a "sufficiently convincing justification;" and (3) whether the defendant interpreted the statute section "in the absence of any contrary authority" because "no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC."  *Fuges v. Sw. Fin. Servs., Ltd., supra, 707 F.3d at 251, quoting Safeco, 551 U.S. at 70.*   Where the statute and relevant court and agency guidance allow for more than one reasonable interpretation, no willful violation exists as "it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator."  *Fuges, 707 F.3d 241, 249, citing Safeco, 551 U.S. at 70 n.20.*

     **1.**        **Infinity's Interpretation is Not Objectively Unreasonable As The Statute Does Not Provide A Limit on the Content of the Authorization Permitted With the Disclosure.**

Section 1681b(b)(2)(A)(i) requires that a disclosure be made in writing that a consumer report may be obtained for employment purposes.  This disclosure must be made prior to the

procurement of the report.   This section also provides that the document consist "solely of the disclosure," yet, the subsequent section --§1681b(b)(2)(A)(ii)—contradicts this provision and allows for a disclosure to be combined in the same document with an authorization.  Therefore §1681b(b)(2)(A)(ii) permits a document not consisting "solely" of the disclosure.  The FCRA requires that an authorization for procurement of the consumer report be in writing, but §1681b(b)(2)(A) does not impose any other limit or restriction as to the content of the authorization.

A fair reading of the statute makes clear that the disclosure does not have to exist in total isolation – despite the "solely" language of §1681b(b)(2)(A)(i).  The legislative history of the FCRA sheds no light on the meaning of "consist solely of the disclosure," but does make clear that the primary concern underlying this section is that the disclosure be clear and conspicuous, and set forth in writing.  It seeks to avoid the scenario where a disclosure is buried in a lengthy document or set forth in fine print, such that a consumer is unaware of the intended procurement of the consumer report.  The FCRA's explicit language regarding the authorization does not have any limitation or restriction as to its content.  There is no provision preventing additional clauses from being included in the paragraph as the statute simply states that it be in writing and authorize the procurement of a consumer report.  Thus, it is not unreasonable to conclude that the statute does not prohibits an added clause or language in the authorization paragraph, that is combined with the disclosure, so long as the document remains clear and conspicuous as to the procurement of a consumer report to be used for employment purposes.

**2.     The Existing Court Authority Analyzing Combined Disclosure/Authorization Forms Has Rendered Inconsistent Interpretations of the Requirements of §1681b(b)(2)(A).**

This case presents a scenario whereby relevant court precedent has allowed for more than one reasonable interpretation of §1681b(b)(2)(A) and where no appellate court has ever opined

9

on this precise issue.  There are conflicting holdings by federal district courts as to whether a

combined authorization/disclosure that meets the FCRA's requirements for the disclosure,  but

which includes an authorization paragraph containing additional language, violates the "solely"

requirement of §1681b(b)(2)(A).  This conflicting case authority – in and of itself – is sufficient

grounds to determine that Defendant did not willfully violate the FCRA.  *See Fuges, 707 F.3d*

*241, 249, citing Safeco, 551 U.S. at 70 n.20.*

For example, in *Burghy v. Dayton Racquet Club, Inc., 695 F.Supp.2d 689 (S.D. Ohio*

*2010),* a plaintiff claimed that a disclosure/authorization did not comply with §1681b(b)(2)(A)

because it was not "clear and conspicuous" that is was to be used for employment purposes, and

because the authorization contained a "laundry list" of other information. *Burghy, 695 F.Supp.2d*

*at 697.*  Specifically, the authorization contained superfluous language discussing job functions

requiring driving, and which did not apply to the plaintiff.  In considering whether this additional

language within the authorization violated §1681b(b)(2)(A)'s requirement that the form consist

"solely of the disclosure," the court held that it did not violate the FCRA.  It stated that "the

presence of one inapplicable bullet [point] does not render the other two inconspicuous." *Id. at*

*699.*  While it acknowledged that "one reading" of §1681b(b)(2)(A)(i) might be that inclusion of

job duty information means that the document does not consist "solely of the disclosure that a

consumer report may be obtained for employment purposes," it found any argument based upon

this reading to be "unpersuasive."  *Id.*  The court reasoned that the FCRA specifically allows an

employer to include the authorization language "alongside" the disclosure language, and stated:

> Including the explanatory language alongside the disclosure language is
> logical, given their relationship, and the Court cannot conclude that the
> presence of the former renders the latter inconspicuous.

*Id., citing, Cafarelli v. Yancy, 226 F.3d 492, 499 (6th Cir. 2005)* (statutes must be interpreted as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions inconsistent, meaningless or superfluous).

The *Burghy* court also predicated its holding upon the fact that the form was of sufficient brevity and clarity.  Despite containing additional language regarding job functions, the form was nonetheless set forth on a single page with reasonably sized type throughout, and met the "clear and conspicuous" requirement of §1681b(b)(2)(A).  *Id. at 700.*   Significantly, at the time Plaintiff signed Infinity's disclosure/authorization in December of 2011, *Burghy* was the only reported case that addressed whether additional language contained in a disclosure/authorization violated the "solely the disclosure" requirement of  §1681b(b)(2)(A)(i).

Plaintiff's Complaint cites to two district court opinions subsequent to *Burghy*, that interpreted §1681b(b)(2)(A) differently: *Reardon v. Closetmaid Corporation, 2013U.S. Dist. LEXIS 169821 (W.D. Pa. December 2, 2013)* and *Singleton v. Domino's Pizza, LLC, 2012 U.S. Dist. LEXIS 8626 (D. Md. January 25, 2012)*. Comp., ¶15.  Neither decision is binding on this Court, and neither existed in 2011, when Plaintiff signed Infinity's disclosure form.  Nonetheless, those cases differ from this case in key aspects.

In *Singleton v. Domino's Pizza, LLC, supra*, plaintiff alleged that a combined disclosure/authorization violated the FCRA because it was part of the company's application package and because it contained a full paragraph liability release seeking to release both the employer and the consumer reporting agency. *Id. at \*17*.  Plaintiff further alleged that Domino's in-house and outside counsel both knew about the FCRA's "stand-alone" requirement for the disclosure, but violated the FCRA nonetheless, by including it within the five page employment application package, yet with language requiring that he acknowledge that the document was a

11

"standalone consumer notification." *Id. at *4*. The court viewed these allegations regarding willful noncompliance with the FCRA as sufficient to survive a motion to dismiss. *Id. at *22*.

In *Reardon v. Closetmaid Corporation, supra*, the court considered whether an authorization violated the "clear and conspicuous" requirement of §1681b(b)(2)(A)(i), as it included a waiver of rights provision.   This waiver of rights was set forth in a entire sentence stating: "I hereby release Closetmaid… from any and all liability and damages of whatever kind, which may at any time, result to me… because of compliance with this authorization and request to release." *Id. at *21*.  This authorization was also lacking in brevity as it was set forth in five total paragraphs.  In evaluating whether the form violated §1681b(b)(2)(A)(i), the *Reardon* court noted that the FCRA did not define "clear and conspicuous" and that there was little case law interpreting §1681b.  *Id*. Thus, the court looked to a 1998 Federal Trade Commission (FTC) staff opinion letter which opined that inclusion of a waiver <u>in a disclosure</u> would violate the FCRA. *Id. at *22, 26-27*.

While Plaintiff cites to *Reardon* and *Singleton* in his Complaint, he wholly ignores *Smith v. Waverly Partners, LLC, 2012 U.S. Dist. LEXIS 119403 (W.D. N.C. August 23, 2012)*.  There, the court considered whether a form that combined the required disclosure and authorization, and also included a sentence within the authorization paragraph that purported to release numerous parties, violated §1681b(b)(2)(A).  This sentence within the authorization paragraph stated: "I hereby indemnify, release and hold harmless the Company, any agents or contractors of the Company.. all former employees, reporting agencies, and all those supplying references, from any and all claims, demands, or liabilities arising out of, related to, such investigations, disclosures, or admissions." *Id. at *23*.  While the court concluded that the release was an invalid waiver of rights under the FCRA, it noted that:

> [A] single sentence within the authorization, **which was kept markedly**
> **distinct from the disclosure language** – was not so great a distraction as to
> discount the effectiveness of the disclosure and authorization statements.
> Accordingly, the disclosure and authorization are otherwise adequate.

*Id at \*24 (emphasis added).*  The court did not view the inclusion of the release sentence within

the authorization to be a willful violation of the FCRA.  *Id.*

> 3.      **Given the Conflicting Interpretations of District Courts and**
>         **Absence of Any Appellate Authority, Infinity's Interpretation**
>         **of §1681b(b)(2)(A) is Not Objectively Unreasonable and Not a**
>         **Willful Violation of the FCRA.**

The holdings of *Smith, Burghy, Singleton* and *Reardon, supra*, make clear that more than

one reasonable interpretation can be derived from the requirements of §1681b(b)(2)(A).  *Smith*

and *Burghy* hold that while the disclosure provision must consist "solely of the disclosure",

additional language within the separate authorization paragraph that is "kept markedly distinct

from the disclosure language" does not negate the effectiveness of the disclosure, and it is not a

willful violation of the FCRA. *See Smith, supra, at \*24.*   *Reardon* noted that the FCRA does not

define "clear and conspicuous" and that there is virtually no case law interpreting §1681b.  *Id. at*

*21*.

This case presents a scenario where the statute does not offer clear guidance, the district

courts have issued conflicting interpretations and no appellate court has opined on this issue.

Under this scenario, the precedent of the Third Circuit is clear: where the relevant authority

allows for more than one reasonable interpretation, no willful violation of the FCRA can exist as

"it would defy history and current thinking to treat a defendant who merely adopts one such

interpretation as a knowing or reckless violator."  *Fuges, 707 F.3d 241, 249, citing Safeco, 551*

*U.S. at 70 n.20.*

While Plaintiff may likely argue that a 1998 FTC staff letter existed, that letter cannot

support a willful violation of the FCRA.  The letter referenced in the *Reardon* case explicitly

stated that it was only the view of a particular staff member, and not that of the FTC.  It also

commented on the effect of a release within the disclosure paragraph – not specifically within the

authorization.   Moreover, in *Safeco, supra*, the Supreme Court held that a defendant's

interpretation of the FCRA was not objectively unreasonable, despite conflicting with views

expressed in an FTC staff member's letter.  *551 U.S. at 70.  Safeco* held that a staff member's

letter was not "authoritative guidance" under the FCRA for purposes of a willful compliance

evaluation, and as it had not fully "canvassed the issue." *Id. at 70 n.19; Levine  v. World Fin.*

*Network Nat'l Bank, 554 F.3d 1314, 1319 (11th Cir. 2009).*

Thus, as of December 2011, when Plaintiff signed Defendant's form, the only reported

decision was the *Burghy* case which held that "the presence of one inapplicable bullet " did not

render the combined disclosure/authorization form inconspicuous or in violation of

§1681b(b)(2)(A).  *695 F.Supp.2d 689, 699.*  Three subsequent courts have addressed the same

issue, with *Smith* adhering to the *Burghy* rationale, and upholding a form so long as the

superfluous language was kept "markedly distinct" from the disclosure language.  *2012 U.S.*

*Dist. LEXIS 119403 *24.*  Defendant's form is a single page document, consisting of four short

paragraphs, and satisfies the requirements for brevity and clarity, and the release clause is kept

"markedly distinct" from the disclosure.  Consideration of these factors should lead this Court to

determine – as a matter of law – that there is no willful violation of §1681b(b)(a)(A).

## IV.        CONCLUSION

A finding of willful non-compliance must be predicated on a showing that Infinity

knowingly and intentionally committed an act in conscious disregard for the rights of others or in

reckless disregard of their rights.  In this case, where the language of §1681b(b)(2)(A) is unclear

and lacking in definition, where there is no appellate authority on this issue, and where the four

district courts that have addressed it have proffered conflicting interpretations, there can be no

finding of a willful violation.  Infinity respectfully requests that this Honorable Court grant its

motion and dismiss the allegations in Count I relating to alleged willful violations of the FCRA.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


BY:   s/Maureen P. Fitzgerald
      MAUREEN P. FITZGERALD, ESQUIRE
      ID#  PA67608
      620 Freedom Business Center, Suite 300
      King of Prussia, PA 19406
      (610) 354-8270 Fax (610) 354-8299
      Email:  mpfitzgerald@mdwcg.com
      Attorney for Defendants


DATE:  March 17, 2014
26/2530893.v1

15

## CERTIFICATE OF SERVICE

   I, MAUREEN P. FITZGERALD, ESQUIRE, do hereby certify that a true and correct copy of Defendant Infinity Staffing Solutions, d/b/a Lyneer Staffing Solutions' Motion to Dismiss, was electronically filed with the Court on the below listed date and is available for viewing and downloading from the ECF System.  All counsel of record was served via electronic notification.


        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN


    BY:  s/Maureen P. Fitzgerald     
        MAUREEN P. FITZGERALD, ESQUIRE
        ID#  PA67608
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8270 Fax (610) 354-8299
        Email:  mpfitzgerald@mdwcg.com
        Attorney for Defendants


DATE:  March 17, 2014
26/2530893.v1