IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GIDDIENS, | : | CIVIL ACTION |
| *ON BEHALF OF HIMSELF AND* | : | |
| *ALL OTHERS SIMILARLY SITUATED*, | : | |
| | : | |
| v. | : | |
| | : | |
| INFINITY STAFFING SOLUTIONS, LLC | : | NO.  13-cv-7115 |
| And LYNEER STAFFING SOLUTIONS | : | |

ORDER

AND NOW, this 28th day of August 2015, upon consideration of Plaintiff's Uncontested Motion for Preliminary Approval of Class Action Settlement and Notice to Class (Doc. No. 27), and having reviewed the Settlement Agreement entered into by the parties, including its exhibits, it is hereby ORDERED that upon the stipulation of the parties, the Court provisionally certifies two classes for settlement purposes only (the "Settlement Classes"), pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

> **B(b)(2) Class:** All natural persons residing within the United States and its territories regarding whom, beginning two years prior to the filing of the Complaint and continuing through the conclusion of this action, for whom Infinity procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially in the form of the Authorization for Release of Information form provided to Plaintiff Giddiens, described in and attached to the Amended Complaint.
>
> **B(b)(3) Class:** All persons residing in the United States and its territories who (i) within two years prior to the filing of the Complaint and continuing through the conclusion of this action; (ii) applied for employment with Infinity; (iii) were the subject of a consumer report used by Infinity for employment purposes; (iv) were the subject of an adverse employment action by Infinity; and (v) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action

1. The Settlement Agreement entered into between the parties as of August 20, 2015,

    appears, upon preliminary review, to be fair, reasonable, and adequate as to all members

of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs the Parties to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

2. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. there are thousands of members of the B(b)(2) Class;
    b. the claims of the Class Representative are typical of those of the other members of each of the B(b)(2) Class;
    c. there are questions of fact and law that are common to all members of the B(b)(2) Class; and
    d. the Class Representative will fairly and adequately protect the interests of the B(b)(2) Class and has retained Class Counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the B(b)(2) Class.

3. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. there are over sixty members of the B(b)(3) Class;
    b. the claims of the Class Representative are typical of those of the other members of each of the B(b)(3) Class;
    c. there are questions of fact and law that are common to all members of the B(b)(3) Class; and
    d. the Class Representative will fairly and adequately protect the interests of the B(b)(3) Class and has retained Class Counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the B(b)(3) Class.

4. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and

law common to the members of the B(b)(2) Class predominate over any questions affecting only individual members.

5. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the B(b)(3) Class predominate over any questions affecting only individual members.

6. Pursuant to Fed. R. Civ. P. 23, Plaintiff John Giddiens is approved as the Class Representative of both Settlement Classes, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Settlement Classes. This Court approves James A. Francis, David A. Searles, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C. as counsel for the Settlement Class ("Settlement Class Counsel"), and finds that, for settlement purposes only, Class Counsel has and will fairly and adequately protect the interests of the Settlement Classes.

7. The parties are hereby authorized to retain First Class, Inc. as Settlement Administrator to administer the Settlement, notice, and opt-out procedures, as set forth in the Settlement Agreement, and First Class, Inc. is hereby appointed as the Settlement Administrator pursuant to the terms of the Settlement Agreement.

8. The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on Monday, January 11, 2016 in Courtroom 6A of the United States District Court for the Eastern District of Pennsylvania, at 10:00 a.m. for the following purposes:

    a. To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

    b. To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

    d. To consider the application of Class Settlement Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

    e. To rule upon other such matters as the Court may deem appropriate.

9. (a) Within ten (10) business days of the entry of this Order, Defendant shall provide the Settlement Administrator with the class lists.

(b) Within thirty (30) days of entry of this Order, the Settlement Administrator shall send the B(b)(2) Class Notice attached as Exhibit C to the Settlement Agreement via U.S. Mail, first class, to the address of each member of the B(b)(2) Class, as provided for in the Settlement Agreement.

(c) Within thirty (30) days of entry of this Order, the Settlement Administrator shall send the B(b)(3) Class Notice attached as Exhibit D to the Settlement Agreement via U.S. Mail, first class, to the address of each member of the B(b)(3) Class, as provided for in the Settlement Agreement.

(d) The Parties, by agreement, may revise the Settlement Class Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

(e) Within ten (10) days of the entry of this Order, the Settlement Administrator shall establish the Settlement Website as provided for in the Settlement Agreement.

10. The Court finds this manner of giving notice and the proposed Settlement Class Notices fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, provides individual notice to all members of

the Settlement Classes who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

11. The costs of printing and mailing the Settlement Class Notices and administering the settlement shall be paid in accordance with the Settlement Agreement.

12. The Settlement Administrator shall file, no later than fifteen (15) days before the Final Fairness Hearing, proof of mailing of the Settlement Class Notice.

13. Any Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Settlement Class. If a Settlement Class Member chooses to Opt-Out of either Settlement Class, such class member is required to submit an opt-out request to the Settlement Administrator, post-marked on or before the date specified in the Settlement Class Notices, which shall be no later than forty-five (45) days before the date of the Final Fairness Hearing date specified in the Settlement Class Notices. Any request to opt out of either of the Settlement Classes must be in writing and must include the name, address, and telephone number of the person seeking to opt out and a statement that the person wishes to opt out of such release. The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of the Settlement Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. A class member who submits an opt-out request using the procedure identified above shall be excluded from the applicable Settlement Class for any and all purposes, and shall not receive any payment in connection with the settlement or the Settlement Agreement. Such person will be deemed to have waived any and all rights or benefits under the Settlement Agreement,

and will not have standing to object to the Settlement Agreement or seek to intervene in this Action. No later than ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely opted out of each of the Settlement Classes, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to Opt Out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to Opt Out of the applicable Settlement Class was not submitted on a timely basis. The Parties and the Settlement Administrator shall use such opt-out information only for purposes of determining and/or establishing whether a person has timely and properly opted out of the applicable Settlement Class.

14. A Settlement Class Member who does not file a timely opt-out request shall be bound by the Settlement Agreement and all subsequent proceedings, orders, and judgments in the Action. Prior to the date of the Final Approval Order, the Court may permit a Settlement Class Member who has filed a timely opt-out request to withdraw such request and to participate in the Settlement Class and the Settlement Agreement as if such request had never been made.

15. The Parties estimate that there are approximately 4,375 members of the B(b)(2) Settlement Class, and approximately 68 members of the B(b)(3) Settlement Class who are also members of the B(b)(2) Settlement Class. The Class Representative or Class Counsel may terminate this Settlement Agreement and declare it null and void ab initio if the size of the Settlement Class becomes materially larger than 5,000 individuals. If five percent (5%) or more of the Settlement Class Members opt out of participation in the

Settlement Agreement, then Defendant shall have the option to rescind the Settlement Agreement, in which case all of Defendant's obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement shall be rescinded, cancelled, and annulled. If Defendant exercises this option, then the Parties shall return to their respective positions in the manner and effect as set forth in section 3.2 of the Settlement Agreement.

16. As provided in the Settlement Class Notices, each Settlement Class Member shall have the right to object to the settlement by filing a notice of intent to object with the Clerk of the Court not later than forty-five (45) days before the Final Fairness Hearing specified in the Settlement Class Notices. Any such objection must comply with all applicable Pennsylvania and federal laws and rules and the Settlement Agreement, and be sent to Settlement Class Counsel and Defendant's Counsel by first-class mail, postmarked no later than forty-five (45) days before the Final Fairness Hearing specified in the Settlement Class Notices. Any Settlement Class Member who does not provide a written objection in the manner provided in the Settlement Agreement and this Order shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement contemplated by the Settlement Agreement.

   a. The right to object must be exercised individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.
   b. The objection must contain: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

    c. If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, the identity of the Settlement Class Member represented by objector's counsel. No objection may be made on behalf of a group of Settlement Class Members.

    d. Paragraph 3.4.3(d) is STRICKEN from the Settlement Agreement because this Court concludes that settlement class members do not need to make themselves available for depositions in order to file written objections.

17. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Fairness Hearing.

18. To the extent that the class lists produced by Defendant constitute one or more consumer reports under the FCRA, the Court hereby orders Defendant to produce that information, pursuant to 15 U.S.C. § 1681b(a)(1).

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

20. All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until Final Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Approval.

21. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the Claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether

in the this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

22. If for any reason the Settlement Agreement terminates before Final Approval, then the certification of the Settlement Class shall be deemed vacated and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues. In that event, the Parties shall return to the status quo ante in the Action, without prejudice to the right of Defendant to assert any right or position that it could have asserted if this Settlement Agreement had never been reached or proposed to the Court.

23. All Settlement Class Members, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, as defined in Section 4 of the Settlement Agreement, (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. This stay and injunction is necessary to protect and effectuate the Settlement Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement

Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

                                                BY THE COURT:

                                                /s/ Legrome D. Davis

                                                Legrome D. Davis J.