IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GIDDIENS,<br>on behalf of himself and all others<br>similarly situated<br><br>      Plaintiff,<br>v.<br><br>INFINITY STAFFING SOLUTIONS and<br>LYNEER STAFFING SOLUTIONS<br><br>      Defendant. | C.A. No. 13-cv-7115-LDD<br><br>CLASS ACTION |

FINAL JUDGMENT CERTIFYING SETTLEMENT CLASS <u>APPROVING CLASS SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE</u>

Upon review and consideration of the terms and conditions of the Settlement Agreement filed with this Court on August 21, 2015 (Doc. No. 27), between and among the Class Representative and the Settlement Classes, by and through the Class Representative and Class Counsel, and the Defendants Infinity Staffing Solutions and Lyneer Staffing Solutions, Inc. ("Defendants"), by and through its authorized signatory;

Due and adequate notice having been given to members of the Settlement Classes, as required in the Preliminary Approval Order (Doc. No. 28), and following such notice, a hearing having been held before this Court on January 11, 2016 (the "Fairness Hearing") to determine the matters contemplated herein;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of Plaintiff's Motion for Final Approval of Class Action Settlement Agreement (Doc. No. 33), and all memoranda, affidavits, and other papers and arguments submitted with respect thereto,

The Court finds that:

1. The Settlement Classes are defined as follows:

   **B(b)(2) Class:** All natural persons residing within the United States and its territories regarding whom, beginning two years prior to the filing of the Complaint and continuing through the conclusion of this action, for whom Infinity procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially in the form of the Authorization for Release of Information form provided to Plaintiff Giddiens, described in and attached to the Amended Complaint.

   **B(b)(3) Class:** All persons residing in the United States and its territories who (i) within two years prior to the filing of the Complaint and continuing through the conclusion of this action; (ii) applied for employment with Infinity; (iii) were the subject of a consumer report used by Infinity for employment purposes; (iv) were the subject of an adverse employment action by Infinity; and (v) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

2. The B(b)(2) Class contains approximately 4,375 members, and is sufficiently numerous that joinder of all members would be impracticable.

3. The B(b)(3) Class contains approximately 68 members, and is sufficiently numerous that joinder of all members would be impracticable.

4. There are issues of law and fact common to the Settlement Classes.

5. The claims of the Class Representative are typical of those of the Settlement Classes.

6. Plaintiff and Class Counsel have adequately represented the Classes. The Class Representative has no conflicts with members of the Settlement Classes and has participated in this action through production of documents and appearance at deposition.

7. The Settlement Classes meet the requirements of Fed. R. Civ. P. 23(a).

8. Common questions of law and fact predominate with respect to the members of the Settlement Classes.

9. A class action is a superior method for resolving the claims of the Classes. This is the proper forum for the maintenance of this class action. Due to the settlement, there will be no issues of manageability.

10. The Settlement Classes meet the requirements of Fed. R. Civ. P. 23(b)(3).

11. The settlement is entitled to a presumption of fairness because: (a) the negotiations were conducted at arm's length; (b) there was substantial discovery, including review of records and documents from Defendant, and extensive depositions of Defendant personnel; and (c) Class Counsel are experienced in this type of litigation.

12. The proposed settlement is fair, reasonable and adequate.

13. Notice of the pendency of this Action as a class action, of the proposed Settlement, and of the request for certification of the Settlement Classes was given to all persons reasonably identifiable as Class Members, as shown by the records of Defendant, at the respective addresses set forth in Defendant's records, as updated as provided for in the Settlement Agreement. The Court finds that the form, content, and method of dissemination of the notice given to the Class Members were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings, of the proposed Settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

14. The Defendant has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-

1715.  These notifications apprised the appropriate officials that, in connection with the approval of this settlement, Defendant would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements.  The Court has reviewed such notifications and accompanying materials and finds that Defendant's notifications comply fully with any applicable requirements of CAFA.

**IT IS THEREFORE ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

     A.     This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Settlement Classes.

     B.     The above-defined Settlement Classes meet all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and is finally certified.  The Court hereby approves the Settlement Agreement and the payments and processes thereto as fair and adequate, and the Settlement Administrator is directed to administer the Settlement Agreement in accordance with its terms and conditions.

     C.     James A. Francis, David A. Searles, and Lauren KW Brennan of Francis & Mailman, P.C., are appointed as Class Counsel.

     D.     The Class Settlement in this action is approved as being a fair, reasonable, and adequate settlement as to all members of the Settlement Classes within the meaning of Rule 23 of the Federal Rules of Civil Procedure and shall be consummated in accordance with its terms.  Objections timely filed with the Court are overruled and denied.

     E.     Subject only to the provisions of Paragraph J below, the Action is hereby dismissed with prejudice, without costs, except as expressly provided in the Settlement Agreement.

F. Subject only to the provisions of Paragraph J below, by operation of this judgment, all Settlement Class Members who have not timely and properly opted out are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all claims, as set forth in the Settlement Agreement, and are forever barred and enjoined from commencing, instituting, or maintaining any such claims against the Released Parties in any action in this or any other forum. All Settlement Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws.

H. Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

I. Upon consideration of the application for an individual settlement and service award, the Class Representative, John Giddiens is awarded the sum of five thousand dollars ($5,000.00) in consideration of his individual claims against the Defendant and for the valuable service he has performed for and on behalf of the Settlement Classes.

J. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Judgment, or the Settlement Agreement.

K. In the event that the Settlement Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Parties, or this Final Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement,

the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and, (iii) the Action shall proceed as provided in the Settlement Agreement.

      L.    Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement Agreement or of this Final Judgment. In addition, neither certification of the Settlement Classes for settlement purposes only, nor any other act relating to the negotiation, execution, or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or the Effective Date does not occur.

**BY THE COURT:**

Date:  <u>1/11/16</u>                                <u>/s/ Legrome D. Davis</u>
                                                                LEGROME D. DAVIS, U.S.D.C.